UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

COREY D. SEARCY,

        Petitioner,

        v.                                        Case No. 12-C-0259

UNITED STATES OF AMERICA,

        Respondent.

## DECISION AND ORDER DENYING § 2255 MOTION

Corey D. Searcy has filed a motion under 28 U.S.C. § 2255, asserting that his conviction for being a felon in possession of two firearms pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2) was unconstitutional. He alleges three bases for relief: (1) two Racine police officers gave false statements; (2) the prosecutor knowingly used those false statements, and (3) counsel was ineffective by failing to investigate and discover those matters. For the following reasons, Searcy's motion will be denied.

At the outset, the court finds that grounds (1) and (2) have been waived by Searcy's guilty plea. Ordinarily, a guilty plea "foreclose[s] direct inquiry into the merits of claimed antecedent constitutional violations." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). Prior constitutional violations are irrelevant to the constitutional validity of a conviction based on a guilty plea. *See Haring v. Prosise*, 462 U.S. 306, 321 (1983). The guilty plea is a "break in the chain of events" that preceded it in the criminal case. *Tollett*, 411 U.S. at 267. Thereafter, the issue is not the merit of any claim of an antecedent constitutional violation, but rather whether the guilty plea was made intelligently and voluntarily. *Id.* at 265.

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is

> charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [of effective counsel].

*Id.* at 267. Although claims of prior constitutional deprivation may be considered when assessing the advice of counsel to plead guilty, they are not independent grounds for habeas relief.

Searcy's conviction was based on his guilty plea, and by pleading guilty he waived these antecedent issues. In his plea agreement, Searcy carved out one exception to his guilty plea waiver. Even so, he retained the right to raise on appeal the issues he presented in his previously filed motion to suppress. *United States v. Searcy*, No. 10-CR-33, plea agreement ¶ 25 (E.D. Wis. filed Nov. 19, 2010) (Doc. 66). However, the motion to suppress was based on an argument that a search warrant was not supported by probable cause. Searcy did not raise an issue regarding false statements that he now contends were made by officers. Thus, grounds (1) and (2) provide no basis for relief.

In any event, grounds (1) and (2) are meritless. The false statements, according to Searcy, are those of Racine police officers Matson and Schulz. Matson applied for a search warrant to search Searcy's home and included in his affidavit a statement that he had checked Searcy's record and found him to be a felon. In addition to securing the search warrant, Matson sought and obtained from the state court the sealing of the search warrant and affidavit to protect the confidential informant. Schulz was present at the search and wrote in a subsequent report that at Searcy's house Schulz had read the search warrant to the four occupants, including Searcy, but did not leave a copy behind

2

because the warrant was under seal. In addition, his report stated that at the house he had dispatch run the names of the four occupants and the report came back "clear" as to two individuals and indicating that Searcy and one other were convicted felons on probation.

Searcy contends that it was impossible for Schulz to read a copy of the search warrant because the search warrant and affidavit had been sealed by the court. He contends that either Schulz did not read a copy of the warrant to Searcy and the other occupants or Schulz and Matson violated the sealing order. These arguments are not entirely clear, but they suggest several possible problems: Matson made false statements about keeping the search warrant under seal (because he got a copy), or Schulz made a false statement about reading it (because he did not), or Schulz and Matson violated the sealing order (by Schulz having a copy), or Schulz did not have a search warrant with him (because he said it would be given to the occupants later), and/or Matson lied in his affidavit about checking Searcy's record because if he had Schulz would not have checked Searcy's record again during the search. Searcy contends that any one of these scenarios results in the overturning of his conviction.

None of these arguments is persuasive. First, Searcy sees inconsistencies where there are none. Schulz's check on the criminal records of the four people found in the house does not contradict Matson's statement in his affidavit that he had checked Searcy's felony status prior to seeking the warrant. Police are entitled to double-check their information, and Schulz may have wanted to check the record rather than relying on another officer's information. Moreover, nothing indicated that the records of the other three individuals had been run previously. Nor was Matson's statement in his affidavit about checking Searcy's record contradicted by Matson's later report that "[d]uring the

3

investigation, it was found that SEARCY was a convicted felon." (*See* Reply Br. Ex. G at 2.) Matson's report said "during the investigation," not "during the search."

Second, whether Schulz and Matson violated any state court sealing order is immaterial. It is unlikely that officers executing a search warrant violate a sealing order by having a copy of the warrant with them during the search. It seems that the sealing pertains to the public record of the search warrant, not those executing it, who need to know where they are searching and what they are seeking. (If the officers cannot see the search warrant while executing it then how can they look for particular items?) But regardless, any violation of a state court sealing order is a matter for the state court or the confidential informant and has no bearing on Searcy's conviction here. Searcy was not a beneficiary of the sealing order in any way such that he can complain about its violation.

Third, Searcy's accusation that Schulz lied about reading the warrant to him and his family members at the house is noticeably late. Absent from Searcy's motion and initial brief was any clear statement that Schulz did not read the warrant. Only in Searcy's reply brief, sworn under penalty of perjury, did Searcy finally state that at the time of the search Schulz "advised petitioner that officers did not have a warrant and it would be mailed to the residence on a later date. Petitioner states that his parents as well as himself will testify under oath and penalty of perjury that the officer's [sic] did not read, have or show a search warrant." (Reply Br. at 3.) However, this statement contradicts Searcy's own statements to the court during his criminal case. Counsel described the execution of the search warrant in Searcy's motion to suppress: "While the four were seated in the kitchen, an officer read to them a copy of the search warrant." *United States v. Searcy*, No. 10-Cr-33, mot. to suppress at 4 (E.D. Wis. filed Mar. 16, 2010) (Doc. 12).

4

Fourth, and importantly, whether Matson and Schulz misrepresented something or lied in subsequent police reports about the sealing or reading the warrant is inconsequential for purposes of Searcy's conviction. It is undisputed that Matson applied for and obtained a search warrant, and it is undisputed that officers executed that search warrant. *See United States v. Searcy*, No. 10-CR-33, plea agreement ¶ 5 (E.D. Wis. filed Nov. 19, 2010) (Doc. 66). This court held, and the Seventh Circuit affirmed, that the warrant was supported by probable cause and, even if not, the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984), applied such that weapons and other evidence found in the search were admissible. *See United States v. Searcy*, 664 F.3d 1119 (7th Cir. 2011). Matson and Schulz did not testify before this court, and their post-search reports had no bearing on the motion to suppress. The motion and decision were based on the sufficiency of the affidavit presented in the search warrant application. Whether post-search police reports were accurate, whether the warrant was read, and whether a state court sealing order was violated have no bearing on the validity of the warrant or the good faith execution of the warrant.

This last point dooms Searcy's ineffective assistance of counsel claim, also. To establish ineffective assistance of counsel Searcy must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The performance standard permits a wide latitude of permissible attorney conduct; Searcy "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks deleted); *see also Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000). Regarding prejudice, Searcy "must show that

5

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Id.* at 697.

Regardless of whether Searcy's attorneys should have investigated or uncovered inconsistencies or inaccuracies in Matson's statements about the sealing order or Schulz's statement about reading the warrant, the undisputed facts showed that the warrant issued and that officers executed it in good faith. This court would have denied the motion to suppress on that basis; the result of the proceedings in this court would have been no different. Thus, Searcy has not established that he was subjected to prejudice due to inconsistencies or inaccuracies attributable to Officers Matson and Schulz.

In his briefs and via some citations Searcy suggests that the sealing of the warrant and affidavit as well as Schulz's failure to leave a copy with the occupants of the house affected the warrant's validity. Any such arguments go beyond the claims set forth in the § 2255 motion and therefore, are rejected. Hence,

IT IS ORDERED that Searcy's § 2255 motion is denied and this case is dismissed.

Dated at Milwaukee, Wisconsin, this 28th day of December, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE