UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

COREY D. SEARCY,

        Petitioner,

    v.                                   Case No. 12-C-0259

UNITED STATES OF AMERICA,

        Respondent.

ORDER DENYING CERTIFICATE OF APPEALABILITY

On December 28, 2012, this court entered judgment dismissing this case, which petitioner, Corey D. Searcy, brought under 28 U.S.C. § 2255. Searcy appealed the judgment.

An unsuccessful § 2255 petitioner has no right to appeal the denial of his motion. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 335 (2003). Before he may take an appeal to the Seventh Circuit, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c); *see* Rule 11, Rules Governing § 2255 Proceedings.

A certificate of appealability issues only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner makes a "substantial showing" by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The certificate of appealability determination is not a second assessment of the merits. *See Miller-El*, 537 U.S. at 327, 336. Instead, the determination requires only a threshold inquiry into the debatability of the district court's decision—"an overview of the claims in the habeas petition and a general assessment of their merits." *Id.* at 336. The petitioner need

not demonstrate that the appeal will succeed. *Id.* at 337. A claim may be debatable even though every jurist, after full consideration of the merits of the case, would decide against the petitioner. *Id.* at 338; *see also Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003). "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 at 342.

If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); Rule 11(a), Rules Governing § 2255 Proceedings.

No issue raised by Searcy deserves encouragement to proceed further, nor is the denial of each issue debatable among jurists of reason. As discussed in the court's decision of December 28, 2012, two of Searcy's purported grounds for relief were barred by his guilty plea and were meritless for several reasons. Searcy contended that two police officers gave false statements in connection with a search warrant for his home, but those statements were not necessarily false and did not affect the validity of the search warrant or the good faith execution of the search. Searcy's last claim, of ineffective assistance of counsel, failed because he could show no prejudice resulting from counsel's failure to raise meritless arguments regarding the officers' statements. Reasonable jurists would not debate Searcy's claims or arguments or deem them worthy of further pursuit. Therefore,

IT IS ORDERED that a certificate of appealability is denied.

Dated at Milwaukee, Wisconsin, this 5th day of April, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE

2